CARR J.
This case is, in principle, the same with Marks v. Morris. In Martin v. Lindsay’s adm’rs, I have given my views on this subject, at large, and it is by no means my intention now to repeat them. I was overruled there; and, though I adhere to that opinion, I have no idea of embarrassing this case, because there happen to be only four judges sitting, and two of them think Marks v. Morris wrong. I consider the question settled in favor of that case, and shall not attempt again to disturb it, while the court is constituted as it now is. I have said thus much, merely to prevent the conclusion, that my opinions on the subject have undergone any change.
GREEN, J.
This court is unanimously of opinion, that the chancellor’s decree is erroneous; but is equally divided as to the measure of relief which should be given to the appellant; whether according to Young v. Scott, 4 Rand. *415, or to Marks v. Morris and Martin v. Linsday’s adm’rs: for I agree intirely in the opinion given by judge Carr in the case last mentioned. This division leads us to the alternative of affirming the decree, or that some one of us shall yield an opinion upon the question of relief, and accede pro hac vice, to the principle of Marks v. Morris, which those who have heretofore approved of it, will not abandon. The decree involves a judicial decision, that the transaction in question in this cause, was not affected by usury, and that adjudication, if the decree be affirmed, would be a perpetual bar to any future relief to the appellant, at law or in equity, since it would estop him from alleging the fact of usury, and thus inflict an irreparable injury upon his rights by an erroneous decision upon a matter of fact. On the other hand, it can only be reversed by a judicial declaration, that the transaction was usurious; which would be conclusively binding upon the appellee, and estop him from denying the fact in any future contest touching it: thus assuming for a court of equity, a jurisdiction to do indirectly, what no one has ever claimed that it can do directly; to enforce or aid in enforcing a penalty, by sending, or rather leaving, the parties to proceed at law, with a judicial declaration, that there is usury in the transaction, which is conclusive. With this alternative presented, I think, the lesser injustice and injury will be done, by reversing the decree. To affirm it, would be to deprive the plaintiff in equity, who has completely proved the case stated in his bill, of all future relief, at law or in equity, to which he would be entitled, but for such a judgment: while to reverse it, and pronounce a judgment against the defendant, as in Marks v. Morris, will be only to deprive him of the opportunity of prosecuting his claim at law with little hope of success. Eor, he must have encountered the objection of usury there, whether he proceeded on the bond or the deed of trust. I, there" fore, consent to reverse ' the decree, and enter such a one as that in Marks v. Morris.
*CABELL, J.
This case comes within the principle decided in Marks v. Morris, and acted upon in Martin v. Lindsay’s adm’rs. It must receive the same direction.
BROOKE, P.
As some pains were taken to state the grounds on which the case of Marks v. Morris was decided, in my opinion in Martin v. Lindsay’s adm’rs, I shall add very little to what was said in that opinion. If it is supposed, that the court meant to decide the question of usury conclusively, in those cases, there is a manifest mistake. On the contrary, the whole object, as to the relief asked for, was, to open the door of the court of law, which had been closed against the plaintiff by the deed of trust, and to leave the party to prove the usury in that forum, if he could, by such proof as would be proper in a court of law, after proceedings in equity, as in other cases; the evidence of the usury adduced in the court of equity, if the best the nature of the case admitted of, to be resorted to by either party in the court of law, as in like cases, but the decree permitting the plaintiff in equity, to defend himself at law, if sued there, to have no effect in the court of law. This obviously resulted from the disclaimer of tne court to grant relief on the merits of the controversy. In doing this, the court acted on the parties only, and violated no principle of a court of equity, applicable to cases in which a judgment at law had been rendered. The relief granted in such cases is totally different from the relief prayed for and granted in the cases alluded to. The case before us must be admitted to come with the principle of the cases of Marks v. Morris, and Martin v. Lindsay’s adm’rs, since the facts in it sufficiently establish the usury in the deed of trust.
The decree is therefore reversed; and this court proceeding to render such decree as ought to have been rendered by the court of chancery, it is decreed and ordered, that the injunction be reinstated, until the ap-pellee shall establish the validity of the bond or deed of trust, in a court *of law, or other proper tribunal; and in that event, the injunction is to be dissolved, and deed of trust held, if necessary, as security for the amount due; or, otherwise, the injunction is to be perpetuated; and the cause is remanded &c.